# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MARIAM MALONE COLETTE
MARTINEZ,

        Plaintiff,

v.                                          Case No.  8:10-cv-1-T-27TBM

FNU JULIAN (Mrs.), FNU JULIAN (Mr.),
and JOHN DOE (unknown person under
employment of the Julian family),

        Defendants.

_____/

## REPORT AND RECOMMENDATION

      THIS MATTER is before the court on the *pro se* Plaintiff's Affidavit of Indigency, which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.  While her affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action,[1] I find that the Complaint fails to state a claim and therefore I recommend that the court dismiss this action.

### I.

      Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the claim is and the

---

[1]Although Plaintiff's Affidavit of Indigency is not notarized, Plaintiff's statement that, "I understand that any false statement(s) of a material fact contained herein may serve as the basis of prosecution and conviction for perjury of making false statements.  Further, I certify that all questions contained herein have been answered and are true and correct to the best of my knowledge and belief;" (Doc. 2 at 5), is sufficient to satisfy the requirements of 28 U.S.C. § 1915.  *See* 28 U.S.C. § 1746.

grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards reviewing dismissals under § 1915(a). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 35 (11th Cir. 2003). While the complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief about the speculative level. *Twombly,* 550 U.S. at 555-56.

Additionally, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II.

On January 1, 2010, Plaintiff brought the instant action against Mr. Julian (FNU), Mrs. Julian (FNU), and Joe Doe (an alleged employee and/or security guard for the Julians). According to Plaintiff, the Julians are employed by and/or run a homeless recovery shelter for woman that is affiliated with or located at the Pentacostal Church New Life, New Beginning in Tampa, Florida.[2] As best as can be gleaned from the rambling allegations, the gravamen of Plaintiff's complaint is that while meeting with Mrs. Julian to apply for shelter services,[3] Mr. Julian called the police after words and attitude were exchanged, had an employee physically restrain her until the police arrived, and made a false claim of violence against her and attempted to have her arrested. As for Mrs. Julian, Plaintiff asserts that she was an accomplice to her spouse's fictitious police report. Regarding the John Doe employee, Plaintiff alleges that he forced her to the ground after Mr. Julian instructed him to restrain her. In doing so, he injured her cheek, hands, and elbows, and he "wiggled his body with force upon the Plaintiff." Two other unidentified males also touched Plaintiff's lower limbs at this time. After the police arrived, Plaintiff was taken into custody involuntarily under the provisions of the Baker Act and held for seven days. By her Complaint, Plaintiff sues the Defendants over this incident, asserting the following claims: Count I – "Violation of Plaintiff Civil Right's, Civil Right's of 1871, 1964, 1991," (sic); Count II – "Violation of Due

---

[2]Plaintiff appears to allege that the shelter run by or located at the church is a federally funded program. (Doc. 1 at 2). The church is not named as a defendant.

[3]It is unclear where this meeting occurred. Plaintiff alleges that it occurred in the Julians' home and/or their office. (Doc. 1 at 3).

Process;" and Count III – "False and Fraudulent Statement Intended to Misguide the Judicial Process." Plaintiff seeks monetary damages of $10,000.00 per Defendant. (Doc. 1).

## III.

Plaintiff's complaint is a rambling mess. In a light favorable to her, in Count I of her Complaint she seeks to assert claims for false arrest and/or excessive force under 42 U.S.C. § 1983.[4] However, private conduct is not actionable under § 1983. Rather, to state a claim for relief, the alleged deprivation of a constitutional right must occur "under color of state law." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). The only possible nexus to a state (or federal) action in Plaintiff's allegations is that the program operated or housed by the church receives federal funds. Assuming that as true, Plaintiff fails to state a cause of action nonetheless because a state action is not established merely because a private entity receives government funding.[5] *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542-47 (1987). In Count II, Plaintiff seeks to assert a due process violation of some sort allegedly because she was held against her will for seven days due to Defendants' actions. However, by Plaintiff's allegations, Defendants are not the ones that had her civilly committed and none of the Defendants were acting under color of state law. Plaintiff's allegations fail to show a violation of any right secured by federal law either under the Constitution or a federal statute.

---

[4]Plaintiff identifies the Civil Rights Act of 1871, 1964, 1991 in Count I. Plaintiff clearly does not bring a claim under the latter two because there is no allegation of employment discrimination.

[5]Although § 1983 authorizes actions only against state officials, the Supreme Court has held that the same type of action may be pursued against federal officials when a plaintiff has suffered a deprivation of a constitutional right. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 389 (1971).

Lastly, the contours of Count III are undefined and unclear; the claim that "defendant's, et al., called local law enforcement with the intent to defraud the Judicial process and misguide it . . ." is indeed incomprehensible to me as a cause of action.

IV.

For these reasons set forth above, I recommend that the court **DISMISS** the Complaint (Doc. 1) and **DENY** without prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure clearly setting forth cognizable causes of action within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.

Respectfully submitted on this
28th day of January 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff