UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIAM MALONE COLETTE
MARTINEZ,

       **Plaintiff,**

v.                                         Case No. 8:10-cv-1-T-27TBM

FNU JULIAN (Mrs.), FNU JULIAN (Mr.),
and JOHN DOE (unknown person under
employment of the Julian family),

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the *pro se* Plaintiff's second Affidavit of Indigency (Doc. 8), which is construed as an amended motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. While her affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action,[1] I find that the Second Amended Complaint fails to state a claim and therefore I recommend that the court dismiss this action.

I.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the

---

[1] Although Plaintiff's second Affidavit of Indigency is not notarized, Plaintiff's statement that, "I understand that any false statement(s) of a material fact contained herein may serve as the basis of prosecution and conviction for perjury of making false statements. Further, I certify that all questions contained herein have been answered and are true and correct to the best of my knowledge and belief;" (Doc. 8 at 5), is sufficient to satisfy the requirements of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1746.

grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards reviewing dismissals under § 1915(a). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 35 (11th Cir. 2003). While the complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief about the speculative level. *Twombly,* 550 U.S. at 555-56.

Additionally, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

II.

On January 1, 2010, Plaintiff brought the instant action against Mr. Julian (FNU), Mrs. Julian (FNU), and Joe Doe (an alleged employee and/or security guard for the Julians). According to Plaintiff, the Julians are employed by and/or run a homeless recovery shelter for woman that is affiliated with or located at the New Life - New Beginning Protestant Church in Tampa, Florida.[2] As best as can be gleaned from the rambling allegations, the gravamen of Plaintiff's complaint is that while meeting with Mrs. Julian to apply for shelter services, words were exchanged after Plaintiff sought to retrieve paperwork containing her personal information. Plaintiff alleges that the John Doe employee blocked her from leaving the office and was told to restrain her. He then forced Plaintiff to the ground and "straddled her and wiggled up her upper torso" while the other Defendants watched. The other Defendants also told two other persons to hold Plaintiff. Mr. Julian called the police. When they arrived, the Defendants attempted to have Plaintiff arrested but instead she was "needlessly" sent to the Community Mental Health Center. Plaintiff also vaguely asserts that the Defendants "failed to conform to the required standard." By her Second Amended Complaint, Plaintiff sues the Defendants over this incident, asserting the following claims: Count I – "Violations of Civil Rights, Civil Rights Act of 1871, 1964, 1991, 2000(e)" (sic); Count II – "False and Fraudulent Statement Intended to Misguide the Judicial Process into an Illegal and Erroneous Act of Justice;" and Count III – Violation of Due Process. Plaintiff seeks an investigation into the church and its housing employees, as well as restitution and compensatory damages in the amount of $50,000. (Doc. 7).

---

[2]Plaintiff appears to allege that the shelter run by or located at the church is a federally funded program. (Doc. 7 at 1, ¶ 1). The church is not named as a defendant.

III.

While Plaintiff proffers more detail and a slightly different account of the facts in this Second Amended Complaint, her pleading is again a rambling mess. In a light favorable to Plaintiff, in Count I of her Second Amended Complaint she again seeks to assert claims for false arrest and/or excessive force under 42 U.S.C. § 1983.[3] As indicated previously, private conduct is not actionable under § 1983. Rather, to state a claim for relief, the alleged deprivation of a constitutional right must occur "under color of state law." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). The only possible nexus to a state (or federal) action in Plaintiff's allegations is that the program operated or housed by the church receives federal funds. Assuming that as true, Plaintiff fails to state a cause of action nonetheless because a state action is not established merely because a private entity receives government funding.[4] *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542-47 (1987). In Count II, Plaintiff asserts a violation of "T 42, 1981, 1983, 1985, violation of due process of law, at the instance of the block of her personage to leave the office area." The contours of this claim are undefined and unclear. In any event, Plaintiff fails to allege facts demonstrating race discrimination in making or enforcing a contract or a conspiracy to violate her civil rights, and any § 1983 claim fails as

---

[3] Plaintiff identifies the Civil Rights Act of 1871, 1964, 1991, 2000e (sic) in Count I. (Doc. 7 at 5). Plaintiff clearly does not bring a claim under the latter three because there is no allegation of employment discrimination. Plaintiff also summarily asserts that Defendants attempted to violate Fla. Stat. § 817.03, a state criminal statute providing that it is a misdemeanor to make false statements to obtain property. (Doc. 7 at 5, ¶ 3).

[4] Although § 1983 authorizes actions only against state officials, the Supreme Court has held that the same type of action may be pursued against federal officials when a plaintiff has suffered a deprivation of a constitutional right. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 389 (1971).

4

set forth above. Lastly, in Count III, Plaintiff appears to seek to assert a due process violation of some sort allegedly because she was held against her will for over 72 hours.[5] However, by Plaintiff's allegations, Defendants are not the ones that had her civilly committed and none of the Defendants were acting under color of state law. Plaintiff's allegations fail to show a violation of any right secured by federal law either under the Constitution or a federal statute.

IV.

For these reasons set forth above, I recommend that the court **DISMISS** the Second Amended Complaint (Doc. 7), **DENY** with prejudice Plaintiff's second construed motion to proceed *in forma pauperis* (Doc. 8), and direct the Clerk to close this case.[6] Given the nucleus of facts defining Plaintiff's allegations, I am unable to conclude that Plaintiff can state a cognizable federal claim dependent on the same.

> Respectfully submitted on this
> 4th day of May 2010.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved

---

[5] This is my best reading. Plaintiff's allegations on this count are all over the map and are long and drawn out.

[6] While repackaged, these claims essentially are identical to those attempted in the initial Complaint. There is no reason to believe that given the opportunity to amend yet again, Plaintiff will come any closer to stating an actionable claim on these facts.

party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff